**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ROSE SALAIZ**, on behalf of herself and all others similarly situated,<br><br>    Plaintiff<br><br>    *versus*<br><br>**COREBRIDGE FINANCIAL, INC,** a Delaware Corporation<br><br>**Jane/John Doe**<br><br>    Defendant. | § § § § § § § § § § § § § § § § § § § § § | **Civil Action No.: 3:25-CV-12**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

Plaintiff ROSE SALAIZ, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Corbridge Financial, Inc. to stop their illegal practice of placing unsolicited telephone calls in violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigations conducted by her attorney.

**PARTIES**

1. Plaintiff Rose Salaiz (hereinafter "Plaintiff" or "Mrs. Salaiz") is an individual residing in or near El Paso, County Texas and was present for all causes of action complained of herein within El Paso, Texas.

2. Mrs. Salaiz may be served any relevant papers via email to her counsel Omar Darwich at omar@darwichlegal.com.

3. Defendant Corebridge Financial, Inc. (hereinafter "Defendant" or "Corebridge") is a corporation organized and existing under the laws of Delaware and can be served via its registered agent Kevin Hogan, 2919 Allen Parkway, Woodson Tower, L4-01, Houston, Texas 77019.

**JURISDICTION AND VENUE**

4. This action is brought by Mrs. Salaiz pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. This Court has jurisdiction over the subject matter of the claims under the TCPA pursuant to 47 U.S.C. § 227(g)(2). This Court further has jurisdiction over the subject matter of the claims under the TCPA pursuant to 27 U.S.C. § 1331.

2

6. This Court has general personal jurisdiction over the Defendant because their headquarters are in Harris County, Texas.

7. Venue of this suit lies in the Western District of Texas, El Paso Division pursuant to 47 U.S.C. § 227(g)(4) because violations of the TCPA occurred within the Western District of Texas, as more specifically alleged below. Venue further lies in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of events giving rise to the claim alleged herein occurred within the Western District of Texas.

### STATEMENT OF FACTS

8. Corebridge markets and sells insurance products and services throughout the United States.

9. Corebridge uses telemarketing phone calls to consumers on the National Do Not Call Registry ("DNC Registry") as part of promoting their services.

10. Mrs. Salaiz is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

11. Mrs. Salaiz's telephone number 0895 is a residential number.

12. Mrs. Salaiz's telephone number 0895 is used for personal purposes and is not primarily for any business purpose.

13. Mrs. Salaiz's telephone number 0895 has been registered on the National Do Not Call Registry since May 31, 2021.

14. On December 12, 2024, Plaintiff received the first of at least fifty-three (53) phone calls soliciting life insurance.

15. Each of the phone calls at issue in this case displayed 210-201-2328 on Plaintiff's caller identification.

16. Defendant called Mrs. Salaiz ten (10) times on December 12, 2024.

17. Defendant called Mrs. Salaiz twenty-nine (29) times on December 19, 2024.

18. Each of the calls placed to Mrs. Salaiz by Defendant are outlined in Table A.

19. Mrs. Salaiz delivered a Do Not Call Request ("DNC") on December 17, 2024, at 9:26 AM.

20. Mrs. Salaiz delivered a second DNC request on December 17, 2024, at 12:08 PM.

21. Mrs. Salaiz delivered a third DNC request on December 19, 2024, at 9:43 AM. Defendant called Plaintiff one minute after this DNC request.

22. Mrs. Salaiz delivered a fourth DNC request on December 19, 2024, at 9:48 AM.

23. Mrs. Salaiz delivered a fifth DNC request on December 19, 2024, at 10:02 AM.

24. Mrs. Salaiz delivered a sixth DNC request on December 19, 2024, at 10:23 AM.

25. Mrs. Salaiz delivered a seventh DNC request on December 19, 2024, at 10:29 AM.

26. Defendant called Plaintiff twenty-nine (29) times on December 19, 2024, and ignored seven (7) DNC requests in a deliberate and sustained attempt to harass Mrs. Salaiz.

27. On December 19, 2024, at 12:31 PM, Mrs. Salaiz received a phone call that displayed 210-201-2328. Mrs. Salaiz answered the phone call and was again solicited for life insurance. Mrs. Salaiz went along with the phone call for the sole purpose of learning who was behind the repeated phone calls.

28. The representative from paragraph eighteen (18) filled out the life insurance application and gathered the payment information from Mrs. Salaiz and then in house transferred Mrs. Salaiz to "Keinan."

4

29. Keinan joined the phone call and asked, "Can you hear me ok Rose? I am the underwriter here with AIG. I am going to be the one submitting your policy and getting you approved."

30. Defendant issues life insurance policies through American General Life Insurance Company ("AIG").

31. On December 19, 2024, Defendant issued Mrs. Salaiz insurance policy # 7240129616 with a premium of $50.12.

32. Defendant called Mrs. Salaiz five (5) times during the phone call in paragraph twenty-seven (27).

33. On January 2, 2025, Mrs. Salaiz called Corebridge to cancel the insurance policy as she had only applied for insurance in order to determine the origin of the phone calls.

34. On January 8, 2025, Defendant began to make additional solicitation phone calls to Mrs. Salaiz.

35. On January 9, 2025, Defendant called Mrs. Salaiz eight (8) additional times.

36. On January 9, 2025, at 3:19 PM, Defendant called Mrs. Salaiz. Mrs. Salaiz delivered a DNC request.

37. On January 9, 2025, at 4:23 PM, Defendant called Mrs. Salaiz. Mrs. Salaiz delivered a DNC request.

38. On January 9, 2025, at 4:23 PM, Defendant immediately called Mrs. Salaiz back after the DNC request in paragraph thirty-seven (37). Mrs. Salaiz delivered another DNC request.

39. On January 9, 2025, at 4:24 PM, Defendant immediately called Mrs. Salaiz back after the DNC request in paragraph thirty-eight (38). Mrs. Salaiz delivered another DNC request.

40. On January 10, 2024, Mrs. Salaiz received four phone calls from Defendant. Mrs. Salaiz delivered a DNC request when she answered the phone call from Defendant at 9:08 AM.

41. Mrs. Salaiz received the following phone calls from Corebridge:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 12/12/2024 | 10:17 AM | 210-201-2328 | |
| 2 | 12/12/2024 | 10:57 AM | 210-201-2328 | |
| 3 | 12/12/2024 | 12:21 PM | 210-201-2328 | |
| 4 | 12/12/2024 | 12:48 PM | 210-201-2328 | |
| 5 | 12/12/2024 | 1:04 PM | 210-201-2328 | |
| 6 | 12/12/2024 | 1:50 PM | 210-201-2328 | |
| 7 | 12/12/2024 | 2:16 PM | 210-201-2328 | |
| 8 | 12/12/2024 | 2:20 PM | 210-201-2328 | |
| 9 | 12/12/2024 | 5:13 PM | 210-201-2328 | |
| 10 | 12/12/2024 | 5:14 PM | 210-201-2328 | |
| 11 | 12/13/2024 | 10:11 AM | 210-201-2328 | |
| 12 | 12/13/2024 | 1:42 PM | 210-201-2328 | |
| 13 | 12/13/2024 | 4:35 PM | 210-201-2328 | |
| 14 | 12/16/2024 | 1:10 PM | 210-201-2328 | |
| 15 | 12/16/2024 | 3:36 PM | 210-201-2328 | |
| 16 | 12/16/2024 | 5:08 PM | 210-201-2328 | |
| 17 | 12/17/2024 | 9:26 AM | 210-201-2328 | DNC Request |
| 18 | 12/17/2024 | 12:08 PM | 210-201-2328 | DNC Request |
| 19 | 12/19/2024 | 9:41 AM | 210-201-2328 | |
| 20 | 12/19/2024 | 9:43 AM | 210-201-2328 | DNC Request |
| 21 | 12/19/2024 | 9:44 AM | 210-201-2328 | DNC Request |
| 22 | 12/19/2024 | 9:48 AM | 210-201-2328 | DNC Request |
| 23 | 12/19/2024 | 9:56 AM | 210-201-2328 | |
| 24 | 12/19/2024 | 10:02 AM | 210-201-2328 | DNC Request |
| 25 | 12/19/2024 | 10:15 AM | 210-201-2328 | |
| 26 | 12/19/2024 | 10:23 AM | 210-201-2328 | DNC Request |
| 27 | 12/19/2024 | 10:29 AM | 210-201-2328 | |
| 28 | 12/19/2024 | 10:34 AM | 210-201-2328 | |
| 29 | 12/19/2024 | 10:42 AM | 210-201-2328 | |
| 30 | 12/19/2024 | 10:43 AM | 210-201-2328 | |
| 31 | 12/19/2024 | 10:43 AM | 210-201-2328 | |
| 32 | 12/19/2024 | 11:11 AM | 210-201-2328 | |
| 33 | 12/19/2024 | 12:12 PM | 210-201-2328 | |

| 34 | 12/19/2024 | 12:24 PM | 210-201-2328 | |
|---|---|---|---|---|
| 35 | 12/19/2024 | 12:30 PM | 210-201-2328 | |
| 36 | 12/19/2024 | 12:31 PM | 210-201-2328 | Purchased policy to uncover caller |
| 37 | 12/19/2024 | 12:36 PM | 210-201-2328 | Called while on paragraph 36 call |
| 38 | 12/19/2024 | 12:39 PM | 210-201-2328 | Called while on paragraph 36 call |
| 39 | 12/19/2024 | 12:49 PM | 210-201-2328 | Called while on paragraph 36 call |
| 40 | 12/19/2024 | 12:50 PM | 210-201-2328 | Called while on paragraph 36 call |
| 41 | 12/19/2024 | 12:53 PM | 210-201-2328 | Called while on paragraph 36 call |
| 42 | 12/19/2024 | 1:53 PM | 210-201-2328 | |
| 43 | 12/19/2024 | 2:32 PM | 210-201-2328 | |
| 44 | 12/19/2024 | 2:33 PM | 210-201-2328 | |
| 45 | 12/19/2024 | 2:41 PM | 210-201-2328 | |
| 46 | 12/19/2024 | 2:42 PM | 210-201-2328 | |
| 47 | 12/19/2024 | 2:53 PM | 210-201-2328 | |
| 48 | 12/20/2024 | 8:14 AM | 210-201-2328 | |
| 49 | 12/20/2024 | 8:20 AM | 210-201-2328 | |
| 50 | 12/20/2024 | 8:40 AM | 210-201-2328 | |
| 51 | 12/20/2024 | 9:02 AM | 210-201-2328 | |
| 52 | 12/20/2024 | 5:03 PM | 210-201-2328 | |
| 53 | 12/24/2024 | 10:06 AM | 210-201-2328 | |
| 54 | 01/08/2025 | 3:49 PM | 210-201-2328 | |
| 55 | 01/09/2025 | 3:19 PM | 210-201-2328 | DNC Request |
| 56 | 01/09/2025 | 3:42 PM | 210-201-2328 | |
| 57 | 01/09/2025 | 3:52 PM | 210-201-2328 | |
| 58 | 01/09/2025 | 4:23 PM | 210-201-2328 | DNC Request |
| 59 | 01/09/2025 | 4:23 PM | 210-201-2328 | DNC Request |
| 60 | 01/09/2025 | 4:24 PM | 210-201-2328 | DNC Request |
| 61 | 01/09/2025 | 4:27 PM | 210-201-2328 | |
| 62 | 01/09/2025 | 4:33 PM | 210-201-2328 | |
| 63 | 01/10/2025 | 8:13 AM | 210-201-2328 | |
| 64 | 01/10/2025 | 8:30 AM | 210-201-2328 | |
| 65 | 01/10/2025 | 8:58 AM | 210-201-2328 | |
| 66 | 01/10/2025 | 9:08 AM | 210-201-2328 | DNC Request |

42.     Mrs. Salaiz's privacy has been violated by the above-described solicitation telemarketing phone calls.

43.     Mrs. Salaiz never provided her consent or requested these calls.

44.     Mrs. Salaiz and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, rendering the unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## Class Action Allegations

45.     Mrs. Salaiz incorporates by reference all other paragraphs of this Complaint as if fully state herein.

46.     Mrs. Salaiz brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

47.     Mrs. Salaiz proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class**: All persons in the United States who, (1) within four years prior to the commencement of litigation until the class is certified (2) telephone numbers were on the National Do Not Call Registry for at least 30 days, (3) but received more than one call from or on behalf of Corebridge (4) within a 12-month period.

48.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

49. Mrs. Salaiz and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

50. The Class Action Complaint seeks injunctive relief and money damages.

51. The Classes defined above are identifiable through dialer records, other phone records, and phone number databases.

52. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but individual joinder is impracticable. On information and belief, Defendant have called hundreds if not thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

53. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telemarketing phone calls.

54. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

55.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

56.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following

   a. Whether Defendant's conduct constitutes violations of the TCPA;

   b. Whether multiple telemarketing telephone calls were made promoting the Defendant's goods or services to members of the National Do Not Call Registry Class; and

   c. Whether members of the National Do Not Call Registry Class are entitled to treble damages based on the willfulness of Defendant's conduct.

57.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual

members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## LOCAL RULES

59. Mrs. Salaiz, pursuant to local rules, shall move to certify this complaint as a Class Action.

60. Mrs. Salaiz will reidentify the classes, exclusions of the classes, numerosity, typicality, adequacy of representation, generality, commonality, predominance, and superiority in Plaintiff's 'Motion to Certify.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF DEFENDANT'S ACTIONS**

61. Mrs. Salaiz realleges paragraphs one through sixty and incorporates them herein as if set forth here in full.

62. The calls harmed Mrs. Salaiz by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy.

63. The calls harmed Mrs. Salaiz by trespassing upon and interfering with her rights and interests in her cellular telephone.

64. The calls harmed Mrs. Salaiz by intruding upon her seclusion.

### First Cause of Action:
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c)
### (On behalf of Plaintiff and the TCPA Class)

65. Mrs. Salaiz realleges paragraphs one through sixty-four and incorporates them herein as if set forth here in full

66. The Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

67. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

68. Mrs. Salaiz and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

69. Mrs. Salaiz and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting American-Amicable from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rose Salaiz, individually and on behalf of the Class prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the Class representative and appointing her counsel as Class Counsel (after Plaintiff files her respective motion pursuant to this Court's local rules);

B. An order declaring that the Defendant's actions, as set out above, violate 227(c) of the TCPA willfully and knowingly;

C. An award of $500.00 per call in statutory damages arising from the TCPA §227(c) for each unintentional violation;

D. An award of $1,500.00 per call in statutory damages arising from the TCPA §227(c) for each intentional violation

E. An injunction requiring Defendant to cease sending all unlawful calls;

F. An award of reasonable attorneys' fees and costs; and

G. Such further relief as the Court deems necessary, just, and proper.

### JURY DEMAND

Mrs. Salaiz requests a trial by jury of all claims that can be so tried.

Dated this 13th day of January 2025.

Respectfully Submitted,

The Darwich Law Firm, LLC
 /Omar F. Darwich/ _____
Omar F. Darwich
Tx Bar No. 24124686

6090 Surety Dr., #305
El Paso, TX 79905

(915) 671-2221
omar@darwichlegal.com

**ATTORNEY FOR PLAINTIFF**